Judge Hnuerwood,
delivered the opinion of the court.
Samuel Clayton holding a bond on T. Oldham for 75 acres of land, on the 19th of June, *523 1819, assigned the same to Walton, but the assignment was to be null and void in case Clayton pune-tually discharged a note executed to Walton for due January 1st, 1820. This note was given in consideration of $75, lent by Wolton to Clayton, and $15, which was usury. Shortly after the note became due, it was satisfied by the execution of a new note including more usury, and this note was satisfied in a similar manner by renewal. In 1823, S. Clayton sold the land to Price Clayton, who obtained a conveyance of the legal title from Montjoy, the vendor of Old-ham, to whom no conveyance was ever made. Samuel Clayton, in his deposition, states that Walton gave his consent, that he, Clayton, might sell the land to pay Walton with the proceeds, and directed him to make the sale, which he did, informing Price Clay-at the time of Walton’s consent and direction, and that Walton should be paid out of the money paid by said Price. Samuel Clayton having failed to pay Walton, he filed a bill claiming a conveyance, asserting a lien on the land to secure his debt. The court decreed in his favor for $75, with interest from the 19th June, 1819, and ordered the land to be sold witnout giving day for the payment of the monej'-, To reverse this decree the Claytons have appealed.
Byaetofl8i9 (ii Dig. 1226) usurious con-so far as relates usurious gaie^of land madein virtue of parol au-^holder ofM bond for the conveyance g^ed’«nder css, sufficient to divest the bond^of^all & right to the lantl-
We think the court erred. Bytheactof 1819, (II. Digt. 1226,) usurious contracts are void only so far as relates to usurious interest. The amount lent with lawful interest thereon, may be recovered in an appropriate action at law or bill in chancery, when a court of equity has jurisdiction. If, therefore, ton had retained his note for $90, and had given no consent that Samuel Clayton might dispose of the land, we should have seen no reason for refusing to subject the land to the payment of the $75, with lawful interest thereon. But the note for $90, has been discharged, no other note is claimed or set up in the bill, and no note of any kind is exhibited; and it is expressly proven that he gave a verbal authority to Samuel-Clayton, to dispose of the land. Under these circumstances, Price Clayton having advanced his money and obtained the legal title, ought not to be disturbed by a court of equity, especially as Samuel Clayton is insolvent. The authority of Samuel Clayton to sell, is denied in such a manner, by Wal *524 ton, as almost to amount to an admission of the fact. He says, in response to the cross bill, that “he never . gave any power or authority to Samuel Clayton to sell the land, to the best of his recollection, and if he did, it was a mere verbal statement, with the condition that the proceeds should be paid this respondent* or at least so much thereof as would pay oif and satisfy the obligation held by this respondent against said Samuel Clayton.” To our minds this is rather an evasion of the allegation; but it cannot amount to more than a want of recollection whether the fact was as charged or not, and in such a case, we see no impropriety in permitting the testimony of a single witness on the point, to govern us. Besides, although he seems to deny that any authority was given, yet he undertakes to state what kind of authority it was in case any was given. Now if a man does not recollect whether he gave any authority at all, it seems to us somewhat singular that he should be enabled to say, if in that he is mistaken, then it was a power of a particular kind!
Mills and Brown, for appellants; J. J. Marshall and Julian for appellee.
The objection to Samuel Clayton’s deposition comes too late; Jones vs. Chappell, V. Monroe, 425. The decree is not interlocutory as supposed in argument. Nothing remained to be done but to carry the decree-into effect; see Larue vs. Larue, II. Litlell, 261.
Decree reversed, with costs, and cause remanded* to dismiss the bill with costs.